NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided April 14, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3381

| | |
|---|---|
| JOSEPH REINWAND, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 14-cv-845-bbc |
| NATIONAL ELECTRICAL BENEFIT FUND, and LAWRENCE J. BRADLEY, <br> *Defendants-Appellees*. | Barbara B. Crabb, <br> *Judge*. |

**O R D E R**

Joseph Reinwand, formerly an electrical worker, has sued the pension plan of his previous employer and its administrator. He contends that the plan's decision to deny his claim for disability benefits violated his "constitutional rights," as enforceable under 42 U.S.C. § 1983. The district court permitted him to proceed under the Employee Retirement Security Income Act, 29 U.S.C. § 1132(a)(1)(B), rather than § 1983, granted him summary judgment, and remanded his claim to the administrator. Dissatisfied with

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

his victory, Reinwand appeals the dismissal of his § 1983 claim. Because the defendants are not state actors, we affirm.

For over a decade Reinwand received disability benefits from the National Electrical Benefit Fund. The Fund is a multi-employer pension plan organized under the Taft-Hartley Act, *see* 29 U.S.C. § 186(c), using employer contributions to provide benefits for workers in the electrical industry. Reinwand qualified for and received a pension because he was entitled to federal disability benefits for post-traumatic stress disorder. But in 2012 he stopped receiving those federal benefits, and the Fund likewise terminated Reinwand's pension. Reinwand later applied to have the Fund reinstate his pension benefits, but the administrator denied his claim without an explanation.

The district court permitted Reinwand to proceed under ERISA, but not under § 1983. The defendants conceded and the court concluded that, by denying his pension claim without an explanation, the Fund violated Reinwand's statutory right to a "full and fair review" of his pension claim, *see* 29 U.S.C. § 1133. The court remanded that claim to the administrator. Reinwand moved to amend the judgment to award him damages for violation of his "constitutional rights," but the court denied that request.

Reinwand appeals the dismissal of his § 1983 claim, but that claim is frivolous. Only "state actors" can be liable under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966, 968, 970–71 (7th Cir. 2016). The Fund is organized under federal law as a private entity, *see* 29 U.S.C. §§ 1002(2)(A), 1102. Conduct of private actors is not state action unless it "may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting and citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351(1974)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009). But Reinwand does not contend that the Fund or its administrator acted for or in concert with the state when the Fund denied his pension claim. *See Land v. Chi. Truck Drivers Union*, 25 F.3d 509, 517 (7th Cir. 1994) (regarding as frivolous a claim that private fund was acting on behalf of state when it operated pursuant to ERISA). With state action absent, the district court properly dismissed the § 1983 claim.

AFFIRMED.